UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Renea A. Boston,

    Plaintiff,

v.

The Estate of James E. Clark, Jr., et al.,

    Defendants.
                                        /

Case No. 11-14935

Honorable Nancy G. Edmunds

**ORDER GRANTING DEFENDANT SAIN'S MOTION TO DISMISS [35]**

Before the Court is Defendant Deidre Sain's motion to dismiss Plaintiff Renea A. Boston's RICO (Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq.), fraudulent transfer, fraud, and unjust enrichment claims against her. (Dkt. 35.) Having reviewed the pleadings, the Court finds that a hearing is unnecessary and disposes of one pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

Because the Court finds that Plaintiff's recovery of unpaid child support claims are not actionable through a RICO claim, and even if they were, Plaintiff still has failed to plead factual allegations that would create a plausible right to relief, the Court dismisses Plaintiff's RICO claims. The Court dismisses the remaining state law claims, as well, because Plaintiff fails to plead those causes of action with the required specificity to raise a plausible right to relief. The Court therefore dismisses the complaint as to the remaining defendants in this case.[1]

---

[1] On June 20, 2012, the Court granted Plaintiff's request for default judgment as to Ryan Clark and The Estate of Wu Yon Lee Clark as to liability only.

I. Facts

### A. The parties

Plaintiff Renea A. Boston has filed this lawsuit to recover unpaid child support by James E. Clark Jr. (JEC), now deceased. Plaintiff sues JEC's estate, JEC's alleged former companion, Deidre Sain, JEC's mother's estate (the Estate of Wu Yon Lee Clark), Kimberly Lee Clark, and Ryan Clark. Plaintiff seeks to recover the unpaid child support from these defendants.

Plaintiff also seeks to recover from two limited liability companies, although those LLCs are not listed as defendants: Semaj & Dee Investment Group, LLC (SDIG) and Semaj Group Construction, LLC (SGC). (Compl. ¶¶ 2, 3.)

### B. Plaintiff's allegations

Plaintiff states that, on September 5, 1997, she gave birth to a daughter, Neakeeya, whom she conceived out of wedlock with James E. Clark Jr. (JEC) (Comp. ¶ 11.) Plaintiff has attached the Michigan state court order determining that JEC was the father of her daughter. (Compl., Ex. C.) That order also provided, as Plaintiff maintains, that JEC would pay child support until Neakeeya's eighteenth birthday. (Compl. ¶ 12, Ex. C.)

Plaintiff alleges that JEC never honored the child support order. (Compl. ¶ 12.) Plaintiff states that she sought assistance from the Wayne County Friend of the Court for the years until Neakeeya turned eighteen. (*Id.* ¶ 13.) Plaintiff states that the Friend of the Court stated that it was unable to assist her, because it was unable to garnish JEC's wages because he was self-employed. (*Id.* ¶ 14.)

Plaintiff adds that the Friend of the Court indicated that it was frustrated because, although JEC appeared to be the "true owner" of SDIG and SGC, it was unable to attach

JEC's obligation to the assets or entities "because the only member of each LLC . . . is Defendant Deidre Sain aka: Deidre S. Birch; aka: Deidre Samon Burch; aka: Didra Burch; aka: Deidre S. Perry."  (Compl. ¶ 15.)

Plaintiff articulates that JEC purposefully frustrated Plaintiff's attempts to have him pay the required child support.  (Compl. ¶ 16.)  She alleges that he stated, "You will never see a dime from me for child support[.]" (*Id.*)  Plaintiff further alleges that "most if not all Defendants herein were informed by JEC of the same." (*Id.*)

Plaintiff states that, although Defendant Sain was listed as the resident agent and sole member of SDIG and SGC, JEC "represented himself to be the owner of both."  (Compl. ¶ 18.)  Plaintiff attaches JEC's obituary, which she offers to show that JEC represented himself as owner of SGC.  (*Id.*)

Plaintiff adds that "JEC originally operated and was either the original sole proprietor, or sole member, of the two [LLCs]" before he transferred the LLCs to Defendant Sain. (Compl. ¶ 19.)  She alleges that Sain did not pay any consideration to JEC for the LLC transfers.  (*Id.* ¶ 20.)

Plaintiff then alleges that JEC held property that he transferred to Defendant Sain to prevent her from having him pay child support.  She states that he was the deed holder to real property located at 9325 Stahelin, Detroit, Michigan. (Compl. ¶ 22.)  She adds that, on December 9, 2010, JEC transferred the Stahelin property to Defendant Sain, by quit claim deed, for one dollar.  (*Id.* ¶¶ 23, 24.)  Plaintiff provides that, a year prior to the transfer, JEC purchased that property for $98,000.00.  (*Id.* ¶ 25.)  Plaintiff alleges that JEC held another property, at 24859 River Heights Street, in Southfield, Michigan, since 1991. (Compl. ¶ 26.) Plaintiff maintains that this property was foreclosed upon and then that JEC

repurchased the property for $27,900.00.  (*Id.* ¶ 27.)   Plaintiff further maintains that Defendant Sain "paid the sum of one dollar . . . to obtain [an] interest in the River Heights Street property from JEC[.]" (*Id.* ¶ 28.)

Plaintiff alleges that JEC made further purchases: a 2001 Kia Sportage automobile and a 1987 yacht.  (Compl. ¶¶ 30, 31.)  Plaintiff also states that JEC's mother had an estate worth around two million dollars at the time of her death and that JEC was the sole heir of the estate.  (*Id.* ¶ 32.)  Plaintiff states that JEC, on the "eve" of his death, "contacted Plaintiff for the apparent purpose of heckling Plaintiff by advising her that he was the recipient of 'one of [his] mom's checks indicating that he had become at least one million dollars . . . wealthier than he was before due to the death of his mother[.]" (*Id.*)

In support of her RICO claim, Plaintiff states that JEC, "in concert" with the other defendants, carried on at least an eighteen year "enterprise by purchasing and selling assets, earning income in every manner available to JEC and all of the named Defendants taking great care in secreting JEC's assets for the purpose of defeating the rights of Plaintiff, all of JEC's other Creditors and to circumvent Federal, State and local laws." (Compl. ¶ 34.)  Plaintiff further alleges that the "actions of JEC and all of the [d]efendants constitute racketeering and the operation of an enterprise specifically designed and operated to circumvent [the law.]" (*Id.* ¶ 35.)

Plaintiff claims JEC, and now his estate, owe $38,938.44 in child support.  (Compl. ¶ 37.)  Plaintiff maintains that, since she has alleged a violation of RICO, she is entitled to treble damages; she therefore seeks $116,815.32, plus costs, including reasonable attorneys' fees.  (*Id.* ¶ 39.)

**II.   Rule 12(b)(6) motion to dismiss standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

"[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 679 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

> Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

*Id.* (internal quotation marks and citation omitted). Thus:

> A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled

5

> to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 678 (internal quotation marks and citation omitted).

### III. Analysis

The Court finds that it must dismiss Plaintiff's RICO claims for two reasons. First, a RICO claim does not contemplate an action as the one alleged here–a claim to recover unpaid child support from an alleged conspiracy. Second, Plaintiff has not set forth any factual allegations in support of her RICO predicate acts that would make the claim plausible. The Court also dismisses Plaintiff's state law claims. The Court finds that Plaintiff has not pleaded the claims with the required particularity to survive a Rule 12(b)(6) motion to dismiss.

#### A. RICO does not contemplate unpaid child custody recovery

Plaintiff alleges that Defendants engaged in an enterprise to deprive her of child support. Federal courts around the country have found similar marital assets recovery RICO claims fail because these types of cases do not satisfy the RICO enterprise requirement and cannot present the type of racketeering activity contemplated by RICO. The Court agrees with these cases and finds that Plaintiff has not alleged an enterprise that rises to what RICO requires an enterprise to be.

RICO makes it "unlawful for a person employed by or associated with an enterprise engaged in" activities affecting "interstate or foreign commerce . . . to conduct or

participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). To state a claim under subsection 1962(c), a plaintiff must plead "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Fremont Reorganizing Corp. v. Duke*, 811 F.Supp.2d 1323, 1335 (E.D.Mich. 2011) (citations omitted).

"RICO defines an 'enterprise' as 'any individual, partnership, corporation, association, or other legal entity and any union or group of individuals associated in fact although not a legal entity.'" *Fremont*, 811 F.Supp.2d at 1336 (quoting 18 U.S.C. § 1961(4)). "To make out a claim under section 1962(c), the plaintiff must plead that 'the 'enterprise' is the instrument through which illegal activity is conducted.'" *Id.* (citations omitted). The plaintiff must therefore establish:

> 1) an ongoing organization with some sort of framework or superstructure for making and carrying out decisions; 2) that the members of the enterprise functioned as a continuing unit with established duties; and 3) that the enterprise was separated and distinct from the pattern of racketeering activity in which it engaged.

*Id.* (citation omitted). "This enterprise must have an existence apart from the pattern of racketeering, must be an ongoing organization, and must function as a continuing unit as shown by a hierarchical or consensual decision-making structure." *Martinez v. Martinez*, 207 F.Supp.2d 1303, 1306 (D.N.M. 2002) *aff'd in pertinent part and vacated in part on grounds not applicable here*, 62 F.App'x 309 (10th Cir. 2003) (citations omitted). "The purpose of this [enterprise] requirement is to satisfy Congressional intent in enacting RICO; RICO was not intended to simply create another form of conspiracy, but was aimed at preventing criminal organization from taking over legitimate businesses or engaging in a pattern of racketeering acts." *Martinez*, 207 F.Supp.2d at 1306 (citation omitted).

In *Martinez*, the plaintiff filed a RICO suit alleging that her husband had entered into a conspiracy to deprive her of her portion of marital assets. The court stated,

> [The plaintiff's] complaint does not allege that Defendants were organized into a separate enterprise. At most, it may be read to allege that Defendants conspired together to hide Defendant Martinez' income and property from the state court, in order to prevent Plaintiff from receiving her proper share of the community assets. [H]owever, simply alleging a conspiracy or concerted action between defendants is not sufficient to meet the 'enterprise' requirement of a civil RICO claim. Nor are Plaintiff's claims of a conspiracy to deprive her of marital assets sufficient to meet the 'continuity' factor that is part of the 'enterprise' requirement–that is, that the claimed enterprise have sufficient indicia of continuity to warrant treatment under the RICO statute.

*Id*. (citation omitted).

Other federal courts have also found that RICO was not an appropriate cause of action for a plaintiff seeking to recover marital assets or spousal support. In *Rosner v. Rosner*, 766 F.Supp.2d 422 (E.D.N.Y. 2011) the court held that RICO was not the appropriate means by which to recover marital property. The court stated:

> However, regardless of the number and span of the alleged predicate acts, the plaintiff alleges a single goal of all of this activity: to hide marital property from her. In the Court's view, this does not rise to the level of alleged wrongdoing required to state a valid RICO claim. There is only one victim in this alleged scheme–namely, the plaintiff–and the alleged societal effect here is minimal. The plaintiff is not the first person involved in a matrimonial case to attempt to bring a RICO claim against a spouse for allegedly hiding marital assets. The courts that have previously addressed this type of allegation have almost universally found such claims to be a misuse of the RICO statute.

*Rosner v. Rosner*, 766 F.Supp.2d 422, 425-26 (E.D.N.Y. 2011) (and citing cases for the proposition that plaintiffs attempting to recover or discover monetary property cannot use the RICO statute.).

*Ruttenberg v. Ruttenberg*, 08-4898, 2009 WL 424548 (N.D.Ill. Feb. 18, 2009) also supports the holding that a marital property recovery is not actionable through RICO. There, the court found that the plaintiff could not satisfy the pattern requirement of RICO. The court held:

> Where [the plaintiff's] RICO claims runs into trouble is the pattern requirement. Congress passed RICO to 'eradicate organized, long-term criminal activity.' Despite 'widespread abuse' of civil RICO, RICO 'has not federalized every state common-law cause of action available to remedy business deals gone sour.' 'Rather, it is a unique cause of action that is concerned with eradicating organized, long-term, habitual criminal activity.' It is not surprising, then, that a number of courts have concluded that the sort of fraud involved in hiding assets in connection with a divorce does not constitute a pattern of racketeering for purposes of RICO.

*Ruttenberg v. Ruttenberg*, 08-4898, 2009 WL 424548, at *4 (N.D.Ill. Feb. 18, 2009) (citations omitted). In *Ruttenberg*, the court held that the "scheme with a single goal" of hiding the husband's income so that it would not be awarded to the wife in a divorce proceeding" was not actionable under RICO. *Id.* at *5. The *Ruttenberg* court further held that the "alleged conduct is distasteful, but it does not amount to a RICO violation. RICO is not meant to turn common-law fraud into a federal claim; it is aimed at longterm, organized crime." *Id.*

The Court agrees with these cases that have found RICO inappropriate for the type of acts put forth by Plaintiff. Here, Plaintiff has not alleged a RICO enterprise. She has not pleaded a separate enterprise apart from the pattern of racketeering. She has not alleged a continuing unit with a decision-making structure. She, at most, has alleged a conspiracy. That pleaded conspiracy does not satisfy the pleading requirements necessary for a RICO enterprise. Plaintiff's RICO cause of action therefore fails to state a claim at the enterprise element.

**B. Plaintiff's complaint does not assert factual allegations that create a plausible right to relief**

Plaintiff's complaint also fails because she has not alleged facts supporting any of the predicate acts.

As to pleading a pattern of racketeering activity, "the plaintiff must allege at least two predicate acts, although [even alleging two acts] may not necessarily be sufficient." *Fremont*, 811 F.Supp.2d at 1336 (citation omitted). "To sustain a RICO claim beyond the pleading stage, [a plaintiff] must allege specific facts establishing each and every element of the claim." *Heaton v. Bank of America Corp.*, 10-12394, 2011 WL 3112325, at *6 (E.D.Mich. July 26, 2011) (Cohn, J.) (citing *Sedima S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985)).

Here, Plaintiff has pleaded predicate acts, but she offers no factual allegations to support the acts and often misreads or misconstrues the predicate acts statutes

Plaintiff first alleges that Defendants violated 18 U.S.C. § 1511. This section provides that:

> It shall be unlawful for two or more persons to conspire to obstruct the enforcement of the criminal laws of a State or political subdivision thereof, with the intent to facilitate an illegal gambling business if - - (1) one or more of such persons does any act to effect the object of such a conspiracy; (2) one or more of such persons is an official or employee, elected, appointed, or otherwise, of such State or political subdivision; and (3) one or more of such persons conducts, finances, manages, supervises, directs, or owns all or part of an illegal gambling business.

18 U.S.C. § 1511. Plaintiff has made no allegations with respect to gambling. Since 18 U.S.C. § 1511 relates to gambling, and Plaintiff has not made any gambling allegations, the Court dismisses this claim.

Plaintiff next alleges that Defendants violated 18 U.S.C. § 1546, which relates to fraud and the misuse of visas, permits, and other documents concerning naturalization and immigration. Plaintiff has not made any allegations that relate to this statute, which addresses fraud and misuse of visas, permits, and other documents in relation to immigration and naturalization. 18 U.S.C. § 1546. The Court therefore grants Defendant Sain's motion to dismiss with respect to this claim.

Plaintiff alleges that Defendants violated 18 U.S.C. § 1503, which addresses the influencing or injuring or officers or jurors generally, not obstruction of justice as Plaintiff claims. Plaintiff has not made any allegations that Defendants violated this statute by influencing or injuring an officer or juror. The Court therefore grants Defendant Sain's motion to dismiss with respect to this claim.

Plaintiff finally alleges a violation of 18 U.S.C. § 1951, which touches upon the interference with commerce by threats or violence. The statute provides:

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

Plaintiff has not made any allegations that Defendants violated this statute by using robbery, extortion, or physical violence or by conspiring to rob, extort, or commit physical violence. The Court therefore grants Defendant Sain's motion to dismiss with respect to this claim.

### C. Plaintiff's complaint does not assert factual allegations that create a plausible right to relief as to her state claims

The remaining claims in Plaintiff's complaint are: violations of Michigan Compiled Laws § 566.31, et seq., the Michigan Uniform Fraudulent Transfer Act; unjust enrichment; intentional fraud; and negligent fraud. These are all state claims that Plaintiff alleges in connection with the overarching RICO child support evading racketeering cause of action.

### 1. Plaintiff's fraud claims fail

In Counts IV through VI, Plaintiff alleges violations of Michigan's Uniform Fraudulent Transfer Act. Plaintiff alleges that Defendants intentionally and fraudulently transferred assets and real property to avoid JEC's child support allegations. Plaintiff has also alleged that Defendants committed both intentional and negligent fraud.

These claims are all subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading requirements. *See IN re NM Holdings Co., LLC*, 407 B.R. 232, 260-61 (Bankr. E.D.Mich. 2009) (surveying case law supporting the holding that intentional fraudulent transfer claims are subject to Rule 9(b)'s pleading standards.). *See also Smith v. Bank of Am. Corp.*, 11-1406, 2012 WL 2301645, at *2 (6th Cir. June 18, 2012) (applying Rule 9(b)'s pleading requirements on negligent/innocent misrepresentation and finding that a complaint that fails to put a defendant on notice "as to the time, place, and content of the alleged misrepresentations" cannot survive a Rule 12(b)(6) motion to dismiss.).

Rule 9(b) requires that a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud[.]" *Fremont*, 811 F.Supp.2d at 1336-37 (quoting Fed.R.Civ.P. 9(b).) The plaintiff must "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of [the other party]' and the injury resulting from the fraud." *Id.* at 1337. "The complaint

also must identify the person making the alleged misrepresentations or involved in the alleged predicate acts." *Id.* (citations omitted).

Here, Plaintiff has failed to allege the time, place, and content of any alleged misrepresentation. Plaintiff has not put any defendant on notice of fraud. These claims therefore fail to meet Rule 9(b)'s pleading requirements and therefore fail. The Court dismisses these claims.

### 2. Plaintiff's unjust enrichment claim fails

Plaintiff's last claim is a claim of unjust enrichment against Defendants, "on which [she] can only succeed by proving that [Defendants] received and retained a benefit from [Plaintiff] to [Plaintiff's] detriment." *Smith*, 2012 WL 2301645, at *4 (citation omitted). Plaintiff has only offered conclusory allegations in support of this claim. She states that, if Defendants are permitted to retain the allegedly fraudulently transferred assets and properties, Defendants would be unjustly enriched to her detriment. (Compl. ¶ 66.) She adds that Defendants "acted knowingly to the detriment of Plaintiff." (*Id.* ¶ 67.) Given that this unjust enrichment claim stems from the alleged fraudulent activity, and Plaintiff's statement that Defendants acted knowingly towards Plaintiff and caused her a detriment, the Court finds that the unjust enrichment claim is grounded in fraud and must meet Rule 9(b)'s pleading requirements. Here, Plaintiff's allegations do not meet Rule 9(b)'s requirements–she fails to allege any time, place, or content of alleged statements or acts. The Court dismisses this claim.

## VI. Conclusion

For the above-stated reasons, the Court GRANTS Defendant Sain's motion to dismiss and dismisses the complaint against her and the remaining defendants with prejudice.

**SO ORDERED.**

                                          s/Nancy G. Edmunds
                                          Nancy G. Edmunds
                                          United States District Judge

Dated:  September 13, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 13, 2012, by electronic and/or ordinary mail.

                                          s/Carol A. Hemeyer
                                          Case Manager